IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL CANNON,<br>an individual,<br><br>    Plaintiff,<br><br>v.<br><br>KENT 8 LLC,<br>a Delaware Limited Liability Company,<br><br>    Defendant. | Case No: |

## COMPLAINT

Plaintiff, MICHAEL CANNON, an individual, by and through his undersigned counsel, hereby files this Complaint and sues KENT 8 LLC, a Delaware Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. §§ 12181 et seq., ("Americans with Disabilities Act" or "ADA") and states as follows:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq., (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, MICHAEL CANNON, (hereinafter referred to as "MR. CANNON") is a resident of the State of Delaware.

4. MR. CANNON is a qualified individual with a disability under the ADA. In July 2011, MR. CANNON suffered a severe injury to his spinal cord which resulted in trauma to his

C6 and C7 vertebrae. As a result, MR. CANNON is a quadriplegic and is paralyzed from the chest down. MR. CANNON also suffers from limited dexterity in his hands due to the same incident.

5.     Due to his disability, Plaintiff is substantially impaired in several major life activities including walking and standing, and requires a wheelchair for mobility.

6.     The Defendant, KENT 8 LLC, (hereinafter referred to as "DEFENDANT") is a Delaware Limited Liability Company registered to do business in the State of Delaware. DEFENDANT is the owner, lessee, and/or operator of the place of public accommodation including the real property and improvements which is the subject of this action, to wit: Kent 8 Plaza, generally located at 1404-1406 Forrest Ave, Dover, DE 19904 ("the Property"). The Defendant is responsible for complying with the obligations of the ADA.

7.     All events giving rise to this lawsuit occurred in the District of Delaware.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

8.     The allegations set forth in the preceding paragraphs above are incorporated by reference as if fully set forth herein.

9.     The Property, a shopping plaza, is a place of public accommodation and is therefore subject to Title III of the ADA.

10.     MR. CANNON regularly travels to the Dover area. He last visited the Defendant's Property in early December 2024, when he was there for a medical appointment.

11.     During his last attempted visit to the Defendant's Property, MR. CANNON experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed herein.

12.     Despite the accessibility issues at the Property, MR. CANNON intends to and will visit the Defendant's Property as a patron because he has a medical provider there and he enjoys

the other stores located thereat. MR. CANNON additionally intends to visit the Defendant's Property as a disability tester to determine whether the barriers to access described herein have been addressed.

13. Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. §§ 12181 et seq. and 28 C.F.R. §§ 36.304 et seq. by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to have accessible facilities by January 26, 1992. These barriers to access include, but are not limited to the following items which Plaintiff personally observed and/or encountered at the Property:

> A. Plaintiff encountered an inaccessible parking lot of the Property due to a complete lack of any fully accessible disabled use parking spaces. More specifically, all of the intended ADA parking spaces identified as accessible are obstructed by ramps protruding into their access aisles causing slopes in excess of 1:48. Consequently, Plaintiff cannot safely use these intended ADA parking spaces.
>
> B. Plaintiff encountered inaccessible curb ramps leading from the intended ADA parking spaces (same spaces as noted above) to the building sidewalks due to pavement in disrepair, excessive slopes and, as noted above, because they overlap with access aisles. Due to these issues, Plaintiff has difficulty using these ramps and must take extreme caution to avoid a fall maneuvering over them.
>
> C. Plaintiff encountered inaccessible curb ramps directly in front of Talbots and Glamour Nails (different ramps than as noted in B above) due to excessive slopes, disrepair and because they can be blocked by parked vehicles.

        Due to these issues, Plaintiff has difficulty using these ramps and must use extreme caution to avoid a fall maneuvering over them.

        D.     Plaintiff encountered inaccessible sidewalk routes to the left of the My Eye Doctor office due to excessive running slopes and a lack of handrails on either side of the ramp. Due to these issues, Plaintiff must use extreme caution to avoid a fall on the steep slopes.

14.     To date, these readily achievable barriers and other violations of the ADA still exist but have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15.     Independent of his intent to return as a patron of the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

16.     Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

17.     Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18.     The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against DEFENDANT and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned and operated by DEFENDANT is in violation of the ADA;

B. That the Court enter an Order directing DEFENDANT to alter the facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize the policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and that the Court award such other and further relief as it deems necessary, just and proper.

E. That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

Dated: January _____, 2025

Respectfully Submitted,

By: */s/ David T. Crumplar*
David T. Crumplar (#5876)
Jacobs & Crumplar, P.A.
*Of Counsel*
10 Corporate Circle, Suite 301
New Castle, DE 19720
Tel.: (302) 656-5445
Fax: (302) 656-5875
E-Mail: davy@jcdelaw.com

-and-

Ku & Mussman, P.A.
18501 Pines Blvd, Suite 362
Pembroke Pines, FL 33029

5

Tel: (305) 891-1322
Fax: (954) 686-3976